ROUDEBUSH, APPELLEE, *v.*
ROUDEBUSH, APPELLANT.

(No. 84AP-454 — Decided
November 20, 1984.)

*Robert H. Burns,* for appellee.
*Arthur H. Thomas, Jr.,* for appellant.

NORRIS, J. Defendant, Martin Roudebush, appeals from an order of the trial court modifying an existing visitation order, and raises three assignments of error:

"1. The trial court abused its discretion to the prejudice of appellant-defendant when it reduced and modified his visitation rights.

"2. The trial court abused its discretion and erred to the prejudice of appellant-defendant when it found that there was a substantial change of circumstances sufficient to necessitate reducing and modifying his visitation.

"3. The trial court abused its discretion and erred to the prejudice of appellant-defendant when it admitted into evidence over objection a mediation report not containing a recommendation, and in its use of that report."

The first and second assignments of error are interrelated and are therefore discussed together.

We have carefully reviewed the record and are unable to say that the trial court abused its discretion in adopting the referee's report and modifying the existing visitation order by allowing the child to stay with its custodial parent. (plaintiff Margit Roudebush) for one weekend a month, and extending the noncustodial parent's visits on the remaining weekends by seven hours. The court's conclusions that the child should receive some quality time with both parents, that plaintiff's weekend singing engagements were less frequent, and that her financial condition had improved, are supported by the evidence.

Proof of changed circumstances is an element where a custody order is sought to be modified. R.C. 3109.04(B). While custody and visitation are related, they require distinct and separate considerations and a trial court enjoys a broader measure of discretion in setting visitation than in awarding or modifying custody. *State, ex rel. Scordato,* v. *George* (1981), 65 Ohio St. 2d 128 [19 O.O.3d 318]. And, while domestic relations practitioners and judges routinely consider visitation modification in the context of the presence or absence of changed circumstances, there is no requirement that they do so. See Baldwin's Ohio Domestic Relations Law (1984) 565, Section 53.05.

There were, however, numerous changes which had occurred in the circumstances of the child and plaintiff since the prior visitation order, and which served as evidence to support a modification. For example, to list a few, plaintiff had remarried, her financial situation had improved, steady weekend employment was no longer contemplated, and the child was of school age. Accordingly, even if it were plaintiff's burden to demonstrate a change of circumstances, she would have satisfied that burden.

The first and second assignments of error are overruled.

Defendant's third assignment of error is not well-taken. Counsel for both

parties requested that the visitation controversy be submitted to the court custody mediation service. On the same date, they approved an agreed entry submitting the matter to mediation and ordering that the mediation service prepare a report and recommendation for the court. Even if the actions of defendant's counsel are deemed not to amount to an agreement that the report would be submitted to the court, defendant has nevertheless demonstrated no prejudice from the report's submission. The report recited the same kind of factual background as was elicited at the hearing, affixed blame for the mediation impasse on both parties, and included only the very general recommendation that "[t]he child * * * is in need of quality time with both parents * * *." Nothing in the referee's report indicates that any reliance was placed upon the mediation service report.

The assignments of error are overruled, and the order of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and BROGAN, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.