In re Thrush.

(No. 88AP020013—Decided
August 1, 1988.)

*James A. Range,* for appellee
Susan Thrush.

*David Worth,* for appellant Jeffrey
Thrush.

Milligan, J. The father filed a timely notice of appeal of the January 6, 1988 judgment of the Tuscarawas County Court of Common Pleas, modifying visitation and granting supervised visitation.

He assigns a single error:

"The trial court has failed to furnish appellant a statement of the court's findings of fact and conclusions of law, as required by Civil Rule 52. Such failure prevents the appellant from knowing the basis for his failure on the merits and thus what grounds for appeal he may have."

If the appellant is entitled to separate written findings of fact and conclusions of law pursuant to Civ. R. 52 as interpreted by the courts, it is error and the judgment should be vacated and the cause remanded for further proceedings. Compare *Werden* v. *Crawford* (1982), 70 Ohio St. 2d 122, 24 O.O. 3d 196, 435 N.E. 2d 424, holding that Civ. R. 52 does apply to the ancillary motion for change of custody.

The propriety of the sole assignment of error depends for its integrity upon the legal right of a party adversely affected by a visitation modification judgment to separate findings of fact and conclusions of law. We find no such authority.

Visitation oversight and control by the trial court is significantly different than the continuing jurisdiction to modify and change custody. Thus, proof of changed circumstances and conditions is not a prerequisite to modification of visitation as it is for a change of custody. *Roudebush* v. *Roudebush* (1984), 20 Ohio App. 3d 380, 20 OBR 485, 486 N.E. 2d 849. See, also, *Appleby* v. *Appleby* (1986), 24 Ohio St. 3d 39, 24 OBR 81, 492 N.E. 2d 831, and 14 West's Ohio Practice: Family Law (1975), Section 4812, at 469 *et seq.* and (Supp. 1988), at 179 *et seq.*

We conclude that neither a reading of Civ. R. 52 nor the above-cited authority impels the trial court to state separate findings of fact and conclusions of law when the issue resolved is one relative to visitation only.

For the above reason, the single assignment of error is overruled.

There being no other assigned errors to the January 6, 1988 judgment, said judgment is affirmed.

*Judgment affirmed.*

Putman, P.J., concurs separately.

Wise, J., dissents.

PUTMAN, P.J., concurring separately. I write to add the observation that the spirit of *Werden* v. *Crawford, supra,* would appear to mandate Civ. R. 52 separate findings here also, but extensions of the rules on a case-by-case basis, absent express rule changes, are difficult enough for practitioners to follow and that, further, such case-by-case amendments of the Civil Rules are peculiarly inappropriate at the intermediate appellate level. The Modern Courts Amendment to the Ohio Constitution gives us no such authority. It is exclusively reposed in the Ohio Supreme Court.

WISE, J., dissenting. I respectfully disagree with the majority in their overruling of appellant's sole assignment of error. Granted that "[v]isitation oversight and control by the trial court is significantly different than the continuing jurisdiction to modify and change custody" and, granted that "proof of changed circumstances and conditions is not a prerequisite to modification of visitation as it is for a change of custody," that does not resolve the question of whether or not Civ. R. 52 and the authority of *Werden* v. *Crawford, supra,* impel "the trial court to state separate findings of fact and conclusions of law when the issue resolved is one relative to visitation only."

I believe that *Werden* is authority for the proposition that Civ. R. 52 requires separate findings of fact and conclusions of law upon timely request in proceedings involving a modification of visitation. In the case at bar, we are not called upon to make a case-by-case amendment of Civ. R. 52, because I deduce that the rule requiring separate findings has been extended by *Werden* to all proceedings which involve questions of fact tried and determined by the court without a jury.

The bench and bar may well have perceived Civ. R. 52 to apply only to bench trials, but as a *unanimous* Supreme Court pointed out in *Werden, supra,* at 123, 24 O.O. 3d at 197, 435 N.E. 2d at 425:

"The trial court in the present case justified its refusal to file findings of fact and conclusions of law by stating that such findings were unnecessary since the proceedings had been held pursuant to *motions.*" (Emphasis added.)

And in its footnote 1, *op. cit.,* the *Werden* court stated:

"In so doing, the court evidently relied upon the following language of Civ. R. 52:

" 'Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon *all other motions* including those pursuant to Rule 12, Rule 55, and Rule 56.' (Emphasis added.)"

The unanimous *Werden* Supreme Court stated at 124, 24 O.O. 3d at 197-198, 435 N.E. 2d at 425-426:

"The purpose of the rule is therefore clear: to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.

"* * *

"The provisions of Civ. R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury. * * *"

I find this particularly helpful in light of the Supreme Court's deference to the trial court's discretion in family court matters. In reviewing the transcript of proceedings to determine whether or not the court has abused its discretion, it certainly is beneficial for the appellate court to be able to focus on the trial court's reasons for its decision.

I would sustain the sole assignment of error and remand this cause for findings of fact and conclusions of law.