OPINION
Appellant, Robert Horan, Jr., and appellee, Marsha Balliett, are the parents of Sarah Horan born March 27, 1990. Appellant and appellee were never married. The parties entered into a shared parenting plan which was incorporated into a judgment entry filed March 17, 1993. Said plan named appellant residential parent of Sarah with appellee having visitation every other weekend and on certain holidays.
On March 22, 1996, appellant filed a motion to terminate shared parenting and to be named the residential parent of Sarah. Said motion stemmed from an allegation that Sarah had been sexually abused and/or molested while in appellee's care by appellee's son, Adam Devore. Appellant also filed a motion for contempt against appellee for violating a previous order regarding Sarah's visitation with appellee.
On June 3, 1996, appellee filed a motion for visitation in accordance with new Loc.R. 20 of the Court of Common Pleas of Ashland County, and for contempt against appellant for moving with Sarah to another home without affording appellee any notice.
On July 12, 1996 and August 16, 1996, appellee and appellant, respectively, filed motions for contempt against each other alleging violations of previous orders. On September 9, 1996, appellee filed a motion to approve her proposed shared parenting plan incorporating Loc.R. 20.
A hearing was held on November 7, 1996. By judgment entry filed December 27, 1996, the trial court denied appellant's March 22, 1996 motion to terminate the shared parenting plan, granted appellee's June 3, 1996 and September 9, 1996 motions to retain shared parenting and incorporate Loc.R. 20 and denied all the motions for contempt.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER A MODIFICATION OF VISITATION TO RULE 20 OF THE ASHLAND COUNTY COURT OF COMMON PLEAS AS MODIFIED AND EFFECTIVE MARCH 1, 1996, WAS IN SARAH HORAN'S BEST INTERESTS AS REQUIRED BY OHIO REVISED CODE SECTION 3109.04.
II
 THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE THAT THE PLAINTIFF'S-APPELLEE'S MINOR CHILD FROM A PRIOR MARRIAGE SEXUALLY MOLESTED A FEMALE SIBLING.
III
 THE TRIAL COURT ERRED BY LIMITING THE LENGTH OF THE TRIAL TO THREE (3) HOURS PER SIDE, DEPRIVING THE DEFENDANT-APPELLANT A FULL AND FAIR OPPORTUNITY TO PRESENT EVIDENCE.
IV
 THE TRIAL COURT ERRED BY ISSUING ORDERS EFFECTING VISITATION WITHOUT ANY ORAL HEARING OR TRIAL.
V
 THE TRIAL COURT ERRED BY PERMITTING AN UNQUALIFIED, COUNSELOR IN TRAINING TO RENDER AN EXPERT OPINION THAT SARAH HORAN HAD NOT BEEN SEXUALLY ABUSED BY A SIBLING.
VI
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO TERMINATE SHARED PARENTING AND TO DESIGNATE THE DEFENDANT APPELLANT AS THE RESIDENTIAL PARENT OF SARAH HORAN.
VII
 THE TRIAL COURT'S DECISION TO ORDER RULE 20 VISITATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
VIII
 THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR RULE OF CONTEMPT.
I, IV, VII
In these assignments of error, appellant challenges the trial court's decision to modify the shared parenting plan to conform to new Loc.R. 20. Appellant argues there was no evidence of a change in circumstances nor finding by the trial court that a modification was in Sarah's best interests, and cites R.C. 3109.04
in support. Appellant also argues the modification was against the manifest weight of the evidence. We disagree.
Visitation rests in the trial court's sound discretion.Booth v. Booth (1980), 44 Ohio St.3d 142. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. Furthermore, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610.
R.C. 3109.04 clearly limits its applicability to modifications of parental rights and responsibilities (custody), not visitation changes. In In re Thrush (1988), 44 Ohio App.3d 40, this court held "[v]isitation oversight and control by the trial court is significantly different than the continuing jurisdiction to modify and change custody. Thus, proof of changed circumstances and conditions is not a prerequisite to modification of visitation as it is for a change of custody."
Appellant argues the visitation changes sub judice constitute a modification of parental rights and responsibilities because of the drastic changes in visitation between old Loc.R. 20 and new Loc.R. 20. In order to address this argument, we must review the new Loc.R. 20 order in conjunction with the trial court's previous orders.
The March 17, 1993 agreed shared parenting plan judgment entry provided a visitation schedule limiting appellee to alternate weekends throughout the year and some holidays. The plan did not provide specific times and dates nor for summer visitation. On May 17, 1995, appellee filed a motion requesting an extended summer visitation. By judgment entry filed October 4, 1995, the trial court ordered visitation in accordance with Loc.R. 20 and awarded appellee four weeks summer visitation.[1] On June 3, 1996, appellee filed a motion for visitation in accordance with new Loc.R. 20 effective March 1, 1996. On September 9, 1996, appellee filed a motion to approve her shared parenting plan incorporating new Loc.R. 20. By judgment entry filed December 27, 1996, the judgment appealed from herein, the trial court granted appellee's motions for shared parenting under the new Loc.R. 20.
After reviewing the old Loc.R. 20 order (October 4, 1995) and the new Loc.R. 20 order (December 27, 1996), we find no substantive difference. Although the new Loc.R. 20 order is much more detailed as to times and dates, it did not alter the amount of visitation time allocated to the parties.[2]
We fail to find error by the trial court in replacing the old Loc.R. 20 order with the new Loc.R. 20 order. We find any change not to reflect a substantive change requiring a change of circumstances or best interests test pursuant to R.C. 3109.04.
Assignments of Error I, IV and VII are denied.
 II
Appellant claims the trial court erred in excluding the testimony of Angela Brady. We disagree.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173;Blakemore. Relevant evidence is generally admissible (Evid.R. 402) and is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.
Ms. Brady is a step-sibling to appellee's son, Adam Devore. The question posed to Ms. Brady was as follows:
 Q. All right. During the time period that Adam Devore lived in the same home with you, and you were personally acquainted with him, did you personally observe him engage in any conduct which made you feel uncomfortable or what you felt was inappropriate?
A. Yes.
T. at 77.
The "time period" referred to in the question was five years prior to the testimony being offered. T. at 76. The trial court sustained an objection to the testimony because the alleged acts had occurred prior to the March 17, 1993 agreed shared parenting plan judgment entry. The testimony was then proffered into the record. T. at 81-85. Ms. Brady testified to incidents involving Adam when Adam was five or six years old (Adam was eleven at the time of the hearing).
The trial court had before it Sarah's guardian ad litem's report filed November 13, 1996, Sarah's counselor's report filed October 29, 1995, Adam's counselor's reports filed October 25, 1996 and November 6, 1996 and appellee's counselor's report filed October 30, 1996.
Upon review, we find no abuse of discretion in denying Ms. Brady's testimony on prior incidents some five years in the past given the availability of current reports relevant to the issue.
Assignment of Error II is denied.
 III
Appellant claims the trial court abused its discretion in limiting the hearing to three hours per side. We disagree.
By judgment entry filed October 28, 1996, the trial court stated as follows:
 2. The procedure at said hearing on November 7, 1996 shall be as follows:
 a. Mr. Horan shall be permitted to present his evidence first and that will be done between 8:15 a.m. and 11:15 a.m. Mr. Horan shall be permitted to present evidence relevant to the above-listed Motions and he shall be guaranteed two hours forty-five minutes within which to present said evidence.
 b. Ms. Balliett shall present her evidence thereafter from 1:00 p.m. to 4:00 p.m. Ms. Balliett shall be permitted to present evidence relevant to the above-listed Motions and she shall be guaranteed two hours forty-five minutes within which to present said evidence.
 c. At 4:00 p.m. the hearing shall conclude and the Court will make a decision based upon the evidence presented.
We note appellant's counsel did not sign this entry. Furthermore, by motion filed November 4, 1996, appellant requested the following:
 1. The Court due to its docket has a limited amount of time to hear the issues raised in the pending Motions before the end of the year. Defendant believes that all relevant and important evidence cannot be presented in the time allotted and, therefore, requests that the hearing be rescheduled to a date when sufficient time is available for a full presentation of evidence.
Said motion was denied by judgment entry filed November 5, 1996.
Prior to trial, the trial court stated "[i]t is 8:35 a.m. on the clock of the Courtroom. This testimony will be over at no later than 11:35." T. at 3. No objection was made. After the lapse of time, appellant's counsel objected to the limitation stating "there are witnesses that we would have called that we will not be able to call * * * who we believe had relevant testimony to things, some prior to July of 1995, many subsequent to July of 1995." T. at 152. The trial court stated "I intend to stick with this time frame" (T. at 154) explaining as follows:
 My schedule was such that frankly I didn't have the time to give this case any more than one day. I advised counsel, all counsel in chambers of that fact. I then agreed that I would hear the case for one day and that we would set time frames for the presentation of testimony and that each party would have to work within those time frames. Specifically those time frames were three hours for one party and three hours for the other. So counsel was presented with a choice, the choice was this, either agree to that time frame of presentation of evidence allowing the court to make its decision based upon that evidence or simply wait till after the first of the year and this Judge's retirement and then have as much time as you want, at least as much as the new Judge or an assigned Judge would be to hear it. Counsel were allowed to go tell that to your parties, present that option. We then reconvened in my office and it was agreed by everybody to accept that time frame, so that's why we're having this trial today.
T. at 153-154.
It is basic to appellate practice that error, in the form of excluded testimony, is not reviewable unless there has been a proffer of the excluded testimony or the content of such testimony is apparent from the circumstances. Evid.R. 103. A review of the record demonstrates no proffer of the additional witnesses was made. At oral argument, appellant's counsel claimed a proffer was impossible because the judge left the bench and the recording machine was turned off. We disagree there was no way to make a proffer. A proffer of testimony is generally made outside the presence of the trier of fact for obvious reasons and may be made in written form via an entry filed with the trial court.
Pursuant to Evid.R. 611, the trial court has control over the mode and order of presenting evidence. Pursuant to Evid.R. 403(B), the trial court has discretionary authority to exclude relevant evidence "if its probative valve is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." As appellant's trial counsel stated, some of the testimony related to "things" prior to July of 1995. The trial court had previously excluded such testimony (T. 76) therefore, it would have been excluded again. We have no way of passing on the relevance or completeness of any evidence not proffered.
Assignment of Error III is denied.
 V
Appellant claims the trial court erred in permitting an unqualified expert, Shannon Smith, to give an opinion about Adam not molesting Sarah. We disagree.
As previously stated, rulings on evidence rest in the trial court's sound discretion. Sage; Blakemore. An expert may give an opinion if the expert qualifies under Evid.R. 702:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *
Mr. Smith testified to having a Bachelor's Degree in theology and a Master's Degree in pastoral counseling and has been a practicing therapist with children and parents since 1994. T. at 221-222. Mr. Smith is currently registered as a counselor trainee with the Ohio Counseling Board and is employed with Appleseed Counseling and Case Management as a child and adolescent family counselor. T. at 220-221. Mr. Smith's duties include "assessment and diagnosis of children and families, providing clinical treatment, intervention, and recommendations." T. at 222-223.
Mr. Smith began counseling Adam in September of 1995. T. at 223. As of the date of the hearing, Mr. Smith and Adam had approximately forty sessions together. T. at 224. Mr. Smith authored several reports for the trial court and also reviewed the reports given to the trial court from the other counselors. T. at 226, 230-231.
When asked if he had an opinion as to alleged sexual contact between Adam and Sarah, Mr. Smith replied in the affirmative and admitted to basing his opinion in part to information he received about an investigation conducted by Paul Lumadue from the Ashland County Department of Human Services. T. at 233. The trial court excluded any testimony about Mr. Lumadue's report and/or investigation and permitted Mr. Smith "to testify as to his opinion based upon his contact with Adam Devore. I don't want somebody else's opinion, I want your opinion." T. at 237. Mr. Smith then testified "[f]rom the information that I've been given my opinion in Adam being accused of any sexual contact with Sarah Horan is only allegations." T. at 237. Mr. Smith further testified as follows:
 Q Can you tell me what, if anything, is your opinion as to whether or not Adam Devore poses any threat to Sarah Horan's safety at the present time in Marsha Balliett's home?
 A In my opinion from the information that I've been given Adam does not pose a threat to Sarah Horan being in Marsha Balliett's home.
Q And what if at all is that based upon?
 A It's based upon my interactions with Adam, my interactions with his mother, my interactions with Joyce Kirkendall, interactions and information that I've been given from other professionals at our agency being Mike Kauffman, Maggie Vent, Tammy Spore, who have been out to the home and have provided excessive services for this family.
 Q Is it based on your 40 some sessions with Adam Devore?
A Yes, it is.
 Q And based on your observations of the home itself?
A Yes, it is.
T. at 239-240.
To substantiate his opinion, Mr. Smith then proceeded to testify to his observations of the children together and with appellee.
On cross-examination, the following exchange occurred:
 Q All right. And — and you're not as concerned because my impression is though I'll ask you that, you don't think it happened?
A That I don't think what happened?
Q The sexual incident.
 A From the information that I have been given I don't believe it has happened or occurred the way it's been stated, yes.
Mr. Smith's opinions on direct examination were based upon his own observations and reports to the trial court already in evidence. We find said opinions qualified under Evid.R. 704. Mr. Smith's opinion as to the credibility of the alleged sexual incident between Adam and Sarah was illicited by appellant's own counsel. It is well accepted law a party is not permitted to complain of an error which said party invited or induced the trial court to make. State v. Kollar (1915), 93 Ohio St. 89.
Upon review, we find no error by the trial court in permitting Mr. Smith's opinions.
Assignment of Error V is denied.
 VI
Appellant claims the trial court erred in continuing the shared parenting plan. We disagree.
R.C. 3109.04(E)(1)(a) provides a trial court shall not modify a prior decree allocating parental rights and responsibilities unless it finds a change of circumstances of the child or the parents and a modification is in the child's best interests. InDavis v. Flickinger (1997), 77 Ohio St.3d 415, 416-417, the Supreme Court of Ohio held the following in regards to a finding of a "change of circumstances":
 Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change, including a change in circumstances because of a child's age and consequent needs, as well as increased hostility by one parent (and the parent's spouse) which frustrates cooperation between the parties on visitation issues.
Appellant argues the trial court should have terminated the shared parenting plan because of the parties' inability to jointly make decisions affecting Sarah, the testimony that appellee does not encourage love and affection between appellant and Sarah, Sarah's coldness toward appellant after visitation with appellee and the allegations of sexual abuse by Adam.
The alleged incidents involving Adam occurred prior to the agreed shared parenting plan and are subject to credibility given the opinion of Mr. Smith. The other claims do not reflect a change of circumstances. The parties have been incapable of communicating properly as evidenced by a cursory review of the docket. The inability to make decisions existed prior to the October 4, 1995 order continuing the agreed shared parenting plan. Appellant admitted his complaints are a rehash of the same issues resolved by the October 4, 1995 order. T. at 94.
Upon review, we find the trial court did not abuse its discretion in finding no change of circumstances and in continuing the shared parenting plan.
Assignment of Error VI is denied.
 VIII
Appellant claims the trial court erred in not finding appellee in contempt. We disagree.
As previously stated, a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris; Myers.
Appellant filed two motions for contempt against appellee, one on March 22, 1996 and one on August 16, 1996. The March motion alleged appellee had left Sarah alone with Adam in violation of the trial court's October 4, 1995 order. In support thereof, appellant presented the testimony of Maureen Bilanci. Ms. Bilanci testified either on March 23, 1996 or October 23, 1996, she observed Sarah swinging on a swing set alone. T. at 64-66. Ms. Bilanci saw no adult present nor other children. T. at 66. Ms. Bilanci's observations lasted about fifteen to twenty seconds. T. at 71.
At best, Ms. Bilanci's testimony is weak. Ms. Bilanci did not see Adam with Sarah. A fifteen to twenty second observation of Sarah on a swing set is hardly sufficient to conclude appellee left Sarah alone with Adam. Furthermore, there was ample evidence Sarah was never left without adult supervision. T. at 157-158, 177, 188-189, 284-285.
Appellant's August motion alleged appellee did not permit open and free communication by telephone or otherwise between appellant and Sarah while Sarah was in appellee's care on two separate occasions in the summer of 1996 in violation of the March 17, 1993 agreed shared parenting plan. In support thereof, appellant presented his own testimony. Appellant testified he called Sarah at appellee's home on numerous occasions and was told Sarah was not there. T. at 116. Appellant testified his mother called and "was told not to call back again." T. at 116. Many times appellant called and left messages on appellee's answering machine. T. at 117. Appellant testified "Sarah was never told that I called." T. at 117.
The testimony on this issue is very limited. Appellant admitted appellee permitted appellant to speak to Sarah "on the sixth day of the second week." T. at 117. Unanswered phone calls over a two week period is hardly a demonstration of actual contempt by appellee to the "open and free communication" language of the agreed shared parenting plan.
Upon review, we find the trial court did not err in denying appellant's motions for contempt.
Assignment of Error VIII is denied.
The judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is hereby affirmed.
By: Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is hereby affirmed.
[1] Appellant's counsel did not sign this entry per appellant's instruction.
[2] We note under the October 4, 1995 order, Christmas was shared by the parties (Christmas Eve to appellant and Christmas Day to appellee). Under the December 27, 1996 order, Christmas Eve and Christmas Day were alternated between the parties.