DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Linda Austin[1] has appealed from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying her motion for contempt, and granting motions filed by her ex-spouse, Charles Costanzo, for modification of custody and support. This Court affirms.
 I.
Linda Austin and Charles Costanzo divorced in 1994, and entered into a separation agreement and shared parenting plan, wherein Linda was awarded custody of the parties' two children, Jessica and Jarrod. Charles was granted visitation rights, and was ordered to pay child support for both children.
In 1999, Charles moved to modify parental rights and responsibilities with respect to Jarrod. Jessica turned eighteen years of age and graduated from high school. And, Linda filed a motion for contempt, asserting that Charles did not return Jarrod to her on time after visitations. Linda also requested the court to increase Charles' child support obligation on the basis that Charles' income had increased. The parties were able to resolve their differences, and in a journal entry dated November 16, 1999, the trial stated that Linda dismissed her above mentioned motions, and Charles withdrew his motion to reallocate parental rights.
However, in April 2000, Linda filed another motion for contempt, and moved the court to modify companionship rights. Charles filed a motion to reallocate parental rights and responsibilities, requesting he be granted custody of Jarrod. Charles also moved to terminate his obligation to pay Linda support for Jarrod, and asked the court to order Linda to pay support. Linda filed a proposed shared parenting plan. After a hearing on the matter, the magistrate granted Charles' request for custody of Jarrod, terminated Charles' support obligation, ordered Linda to pay support, and established a visitation schedule. The trial court adopted the magistrate's decision. Linda filed objections to the magistrate's decision, which were overruled by the trial court.
Linda has timely appealed, and has assigned five errors for our review.
 II. First Assignment of Error The trial court erred in adopting the magistrate's findings of fact.
 Second Assignment of Error The trial court abused its discretion by designating appellee the residential parent of Jarrod.
 Third Assignment of Error The trial court abused its discretion in denying appellant's motion for shared parenting.
In her first three assignments of error, Linda has asserted that the trial court erred in granting Charles' motion to reallocate parental rights and responsibilities with respect to Jarrod. Specifically, she has argued that the decision should be reversed because the court: (1) erroneously adopted the magistrate's findings; (2) there was insufficient evidence to establish that it is in Jarrod's best interest to award custody to Charles; and (3) the court should have adopted her proposed shared parenting plan.
It is well settled that modification of parental rights is not warranted unless there is some competent, credible evidence to the effect that: (1) there has been a change in circumstances; (2) modification is in the best interests of the child; and (3) any harm likely to be caused by the change in environment is outweighed by the advantages. R.C.3109.04(E)(1)(a); Scarbrough v. Scarbrough (July 18, 2001), Lorain App. No. 00CA007743, unreported, citing Zinnecker v. Zinnecker (1999),133 Ohio App.3d 378, 385, and Holm v. Smilowitz (1992),83 Ohio App.3d 757, 773. The trial court has broad discretion to modify or change custody. Roudebush v. Roudebush (1984), 20 Ohio App.3d 380. Accordingly, a reviewing court will not disturb the lower court's decision to change custody unless there has been a showing of an abuse of discretion. Perz v. Perz (1983), 85 Ohio App.3d 374. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 A. Change of Circumstances
In her first assignment of error, Linda has challenged the trial court's adoption of each of the magistrate's findings upon which the magistrate determined that there has been a change in circumstances. We interpret this assignment of error as an assertion that the trial court erred in adopting the magistrate's finding that there has been a change in the circumstances of Jarrod, which warrants modification of parental rights.
R.C. 3109.04(E)(1)(a) provides a trial court shall not modify a prior decree allocating parental rights and responsibilities unless it finds a change of circumstances of the child or the parents and a modification is in the child's best interests. In Davis v. Flickinger (1997),77 Ohio St.3d 415, 416-417, the Supreme Court of Ohio held the following in regards to a finding of a "change of circumstances":
 Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change, including a change in circumstances because of a child's age and consequent needs, as well as increased hostility by one parent (and the parent's spouse) which frustrates cooperation between the parties on visitation issues.
At the time of the hearing on Charles' motion for modification of custody, six years had past since parental rights and responsibilities had been established pursuant to the parties' divorce. Jarrod, who was only eight years old at the time of the original decree, was fifteen years old and a sophomore in high school at the time of the hearing on the modification request. In the first few years after the divorce, Jarrod lived with Linda and visited with his father for a few hours during the week and stayed with his father on some Friday and Saturday nights. However, by the time of the hearing on the modification request Jarrod was spending the bulk of his time at his father's home. Charles testified that the visitation arrangements were pursuant to Jarrod's wishes, and that Jarrod wants the arrangement to continue. Linda testified that she believes the visitation arrangements have been determined by Charles alone, and that Jarrod is ambivalent as to which parent's home he resides in. The magistrate interviewed Jarrod in chambers and found that Jarrod's interactions and relationship with his mother is significantly affecting his best interest. Linda contests this finding, but has not provided this Court with a record of the interview between Jarrod and the court.
After a review of the record in the instant case, this Court cannot conclude that the trial court's determination that there has been a change in circumstances which warrants a change in custody was arbitrary, unreasonable or unconscionable. Accordingly, we overrule the first assigned error.
 B. Best Interest
In her second assignment of error, Linda asserts that the trial court erred in finding that a change in custody is in Jarrod's best interest. In support, she has enumerated eight "examples" which she believes show that designating Charles as the residential parent is not in Jarrod's best interest. These eight "examples" are statements from her own testimony, such as "Charles Costanzo continually interfered with Jarrod's relationship and companionship with his mother[,]" and statements which are not supported by the record, such as, Charles "appears unconcerned about his son's physical well being[.]"
A review of the record reveals that the lower court properly considered the "best interest" factors under R.C. 3109.04(E)(1)(a) and (F)(1). Notably, the record shows that Jarrod had been living with his father for almost eight months prior to the hearing, and that during that time Jarrod has excelled in school and sports. This Court cannot conclude, after having thoroughly examined the record, that the lower court abused its discretion in finding that it is in Jarrod's best interest to modify custody so that his father is now designated as his residential parent.
The second assignment of error is overruled.
 C. Shared Parenting Plan
In her third assignment of error, Linda contends that the trial court committed reversible error in failing to adopt her proposed shared parenting plan. She asserts that the test under R.C. 3109.04(D)(1) for deciding whether or not to grant her shared parenting motion is the "the best interest of the child" determination under R.C. 3109.04(F)(1). She contends that neither the magistrate nor the trial court considered the best interest factors before denying her motion, and therefore, the decision should be reversed. We find this argument to have no merit.
Essentially, Linda has argued that once she filed her proposed shared parenting plan the court was bond to first evaluate the plan to see if it would be in Jarrod's best interest. Then, if the court found that it would be in Jarrod's best interest, the court would be required to adopt the plan. However, we previously explained that trial court has no authority to:
 modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
R.C. 3109.04(E)(1)(a). One parent cannot circumvent the threshold change of circumstances requirement by filing a proposed shared parenting plan. Such an analysis is only appropriate when the court first allocates parental rights, not when modifying those rights. See 3109.04(G). And, even when first allocating parental rights, unless both parents jointly file a shared parenting plan which the court determines to be in the child(ren)'s best interest, the trial court is not required to adopt the plan. See R.C. 3109.04(D)(1)(a) and (D)(1)(b).
The third assignment of error is overruled.
 Fourth Assignment of Error The trial court erred in denying appellant's motion for contempt.
Linda argues that the lower court committed reversible error in not finding Charles in contempt for failing to follow the original parenting arrangement, as well as the 1999 standard order of companionship. She asserts that her testimony establishes that Charles failed to follow court orders in denying her weekend companionship with Jarrod (by scheduling events for Jarrod to attend), and by denying her companionship with Jarrod during certain 2000 holidays.
The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions. Harris v. Harris
(1979), 58 Ohio St.2d 303, 307. The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice. Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph two of the syllabus. In light of the fact that the primary interest involved in a contempt proceeding centers on the court's authority and proper functioning, the Supreme Court of Ohio has held that great reliance should be placed upon the discretion of the trial court. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16. Thus, a reviewing court may reverse the lower court's decision in a contempt proceeding only upon a showing of abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11.
Linda contends that Charles failed to abide by the trial court's 1994 allocation of parental rights, and failed to follow the court's 1999 order of companionship. Pursuant to the 1994 divorce decree, Linda was designated the residential parent. Under the 1999 companionship order, the parties agreed that visitation would "take place weekly with the days and times to be agreed upon between [Jarrod] and [Charles]."
The record does not support Linda's assertion that Charles acted contrary to the trial court's 1994 or 1999 order. Accordingly, the lower court's decision overruling Linda's motion for contempt was not unreasonable, arbitrary, or capricious. The fourth assignment of error is overruled.
 Fifth Assignment of Error The trial court erred in ordering appellant to pay child support in the amount of $411.90 per month.
In her fifth assignment of error, Linda has made a blanket assertion that the trial court erred in ordering her to pay child support in the amount of $411.90 per month "given the amount of companionship [she] will continue to have with Jarrod and her in kind contributions" for extracurricular activities. The whole of her argument in support is "that a deviation from the guideline amount would be in the best interests of the minor child." Linda has cited no authority in support of her vague contention, nor has she pointed to any part of the record which might assist her argument. Furthermore, Linda has not even indicated what type of deviation she would suggest.
App.R. 16(A)(7) requires an appellant to provide an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes and parts of the record on which appellant relies." It is not the duty of this Court to make arguments in support of an appellant's nebulous assertions and to search the record for evidence in support of our position. Accordingly, we disregard the fifth assigned error. App.R. 12(A)(2).
 III.
The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] Linda Austin was formerly known as Linda Costanzo.