OPINION
{¶ 1} On June 5, 2002, the Stark County Grand Jury indicted appellant, Daniel Mark Hazel, on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and/or (A)(2) and one count of felonious assault in violation of R.C. 2903.11(A)(2). Said charges arose from an incident involving David Simpson, appellant's roommate's estranged husband.
 {¶ 2} Prior to trial, the state dismissed the felonious assault count. A jury trial on the aggravated burglary count commenced on September 9, 2002. The jury found appellant guilty of subsection (A)(2). By judgment entry filed October 15, 2002, the trial court sentenced appellant to three years community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE COURT ERRED WHEN IT REFUSED TO GIVE THE JURY INSTRUCTION SOUGHT BY THE DEFENSE OF THE CRIME OF AGGRAVATED CRIMINAL TRESPASS."
 II {¶ 5} "THE CONVICTION OF THE APPELLANT, DANIEL HAZEL, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS INSUFFICIENT TO SUSTAIN HIS CONVICTION OF AGGRAVATED BURGLARY AS A MATTER OF LAW."
 III {¶ 6} "THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS WAS VIOLATED BECAUSE IT IS UNKNOWN ON THE RECORD WHAT ELEMENTS OF THE CRIME THE JURY FOUND ON BEHALF OF THE STATE AND AGAINST THE DEFENDANT."
 I {¶ 7} Appellant claims the trial court erred in failing to instruct the jury on the offense of aggravated trespass as a lesser included offense of aggravated burglary. We disagree.
 {¶ 8} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman (1988),37 Ohio St.3d 286.
 {¶ 9} Appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and/or (A)(2) which state as follows:
 {¶ 10} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 11} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 12} "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
 {¶ 13} The crime of aggravated trespass includes the following elements [R.C. 2911.211(A)]:
 {¶ 14} "No person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involve causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him."
 {¶ 15} In State v. Kidder (1987), 32 Ohio St.3d 279, 280, the Supreme Court of Ohio set forth the following two-part test to determine whether a jury instruction on a lesser included offense is necessary:
 {¶ 16} "A criminal defendant is entitled to a lesser-included-offense instruction, however, only where the evidence warrants it. * * * Thus, the trial court's task is two fold: first, it must determine what constitutes a lesser included offense of the charged crime; second, it must examine the facts and ascertain whether the jury could reasonably conclude that the evidence supports a conviction for the lesser offense and not the greater." (Citations omitted.)
 {¶ 17} In State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, the Supreme Court of Ohio set forth the following three-part test to determine whether an offense is a lesser included offense of another offense:
 {¶ 18} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder [1987],32 Ohio St.3d 279, 513 N.E.2d 311, modified.)"
 {¶ 19} Pursuant to this test, we find the greater offense of aggravated burglary can be committed without committing the lesser offense of aggravated trespass. An individual could trespass into an occupied structure with the purpose of committing a criminal offense, while having a deadly weapon or dangerous ordnance, but without the purpose to commit a misdemeanor causing or threatening physical harm. For example, an individual could trespass into an occupied structure after having broken the lock with a crowbar. The individual's intent was to use the crowbar to break the lock, enter the premises and steal valuables, not to threaten or injure anyone. Nevertheless, the crowbar is a deadly weapon.
 {¶ 20} Based upon the foregoing, we find the offense of aggravated trespass is not a lesser included offense of aggravated burglary.
 {¶ 21} Further, it is clear from the evidence that on May 8, 2002, appellant trespassed by force into the victim's residence with the purpose to commit a criminal offense. Specifically, appellant announced his intention to "beat" the victim's "ass" and entered the occupied structure by force, kicking in the door to the residence, before attacking the victim. T. at 95, 98, 110, 122. Two independent witnesses testified appellant had a pocketknife on his person that fell to the ground during his removal from the residence. T. at 100-101, 126-127.
 {¶ 22} Upon review, we find the trial court did not err in denying appellant's request for a jury instruction on aggravated trespass.
 {¶ 23} Assignment of Error I is denied.
 II {¶ 24} Appellant claims his conviction for R.C. 2911.11(A)(2) was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 25} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 26} Appellant argues the state failed to prove one of the essential elements of R.C. 2911.11(A)(2) namely, that he had a deadly weapon or dangerous ordnance on his person or under his control. Appellant argues "a closed pocketknife does not constitute a deadly weapon." The trial court specifically defined "deadly weapon" for the jury. T. at 173-174. In order to find appellant guilty of R.C.2911.11(A)(2), the jury had to have found the pocketknife was a deadly weapon.
 {¶ 27} Appellant argues there was no pocketknife in evidence and the witnesses who observed the pocketknife fall to the ground stated it was closed. T. at 101, 127. The knife either came from appellant's pocket or hand. T. at 131. The victim was covered with gashes, scrapes and scratches as a result of appellant's attack. T. at 66, 102, 127. The jury also had a photo, State's Exhibit 1, that depicted the lacerations on the victim's neck. T. at 77.
 {¶ 28} From the evidence presented, we find the jury could have reasonably found the pocketknife inflicted the gashes, scrapes or scratches on the victim, thereby fulfilling the definition of a deadly weapon (being capable of inflicting death because of the knife blade), and was specifically used by appellant to cause the victim's injuries.
 {¶ 29} Upon review, we find sufficient credible evidence of aggravated burglary pursuant to R.C. 2911.11(A)(2) and no manifest miscarriage of justice.
 {¶ 30} Assignment of Error II is denied.
 III {¶ 31} Appellant claims the trial court erred in giving the jury only one verdict form for aggravated burglary, a violation of R.C.2911.11(A)(2), when in fact the indictment indicated subsection(s)(A)(1) and/or (A)(2). We disagree.
 {¶ 32} It is clear from the record the trial court gave the jury only one verdict form. T. at 175. The trial court stated it will "now read to you the verdict forms," but only read the (A)(2) form. Id. Defense counsel did not object during the reading of the charge nor at the reading of the verdict nor at the trial court's polling of the verdict. T. at 182-185. The trial court invited counsel to review the signed verdict form, but both counsel declined. T. at 183.
 {¶ 33} Because there was no objection on the record, we must review this issue under the plain error standard. An error not raised in the trial court must be plain error for an appellate court to reverse.State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 34} The state argues this was but a clerical error that does not rise to the level of plain error. On the other hand, appellant argues he was indicted under R.C. 2911.11(A)(1) and/or (A)(2) in the alternative, and was entitled to have the jury deliberate on both offenses and determine if he caused physical harm (A)(1) or had a deadly weapon (A)(2).
 {¶ 35} We note the punishments for violating R.C. 2911.11(A)(1) and (A)(2) are identical and therefore there is no enhanced sentence.
 {¶ 36} Upon review, we find this matter does not rise to the level of plain error because as we found in Assignment of Error II, there was sufficient evidence to support the jury's verdict.
 {¶ 37} Assignment of Error III is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Boggins, J. concur.